UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-20888-CIV-SEITZ/SIMONTON

JEANNETTE HAUSLER et al.,

        Plaintiffs,

v.

THE REPUBLIC OF CUBA, et al.,

        Defendants,

v.

TATA COMMUNICATIONS (AMERICA), INC.,

        Garnishee.
_____/

## ORDER GRANTING MOTION TO LIFT STAY, MOTION FOR DISMISSAL, AND AWARD OF ATTORNEYS' FEES

THIS MATTER is before the Court on Garnishee Tata Communications (America), Inc.'s Motion to Lift Stay and Motion for Dismissal With Prejudice and Award of Attorneys' Fees and Costs [DE-47], Plaintiffs' Response [DE-48], and Tata Communications Reply [DE-49]. Plaintiffs do not oppose the lifting of the stay to dismiss the writ of garnishment with prejudice and to an award of costs. However, Plaintiffs do oppose the award of attorneys' fees in an amount greater than the $100 deposited with the Court, as required by Florida Statute § 77.28. Because Tata Communications (America), Inc. (Tata) is an innocent stakeholder, it is entitled to its attorneys' fees under the statute and Tata's Motion is granted..

**Procedural Background**

Plaintiffs obtained a $400 million wrongful death judgment against the Defendants. Thereafter, Plaintiffs began attempts to collect on the judgment, including the institution of

sixteen garnishment actions against United States telecommunications carriers. Plaintiffs served a writ of garnishment (writ) on Tata. Tata filed an Answer to the writ that denied that Tata was indebted to the Defendants or to Empresa de Telecommunicaciones de Cuba, S.A. (ETECSA). In response to Court ordered discovery, Tata served Plaintiffs with declarations that demonstrated that Tata does not owe any sums to Defendant or ETECSA and that Tata does not transfer telecommunications traffic directly to Cuba. Instead, Tata transfers Cuba bound communications to intermediate telecommunications carriers. After receipt of these declarations, Plaintiffs continued to prosecute the writ and sought further discovery.

This action was then effectively stayed while the parties awaited rulings from Judge Jordan in one of the other garnishment actions against a telecommunications carrier. In that case, Judge Jordan ruled in favor of the garnishee finding that the Florida garnishment statute applied and that Plaintiffs did not have a right to a writ of garnishment under Florida law, that the Terrorism Risk Insurance Act of 2002 (TRIA) did not preempt Florida's garnishment statute, and that TRIA did not apply to funds owed to other telecommunications carriers that ultimately routed communications to Cuba. See *Hausler v. The Republic of Cuba*, Case No. 09-20942, DE-56. Ultimately, Judge Jordan entered final judgment in favor of the telecommunications garnishee. Thereafter, Tata filed the instant motion based on Judge Jordan's holdings.

**Discussion**

Florida Statute § 77.28 states, in pertinent part:

Before issuance of any writ of garnishment, the party applying for it shall deposit $100 in the registry of the court which shall be paid to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney's fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ. . . .On rendering final judgment, the court shall determine the

> garnishee's costs and expenses, including a reasonable attorney's fee . . . In addition, the court shall tax the garnishee's costs and expenses as costs. Plaintiff may recover in this manner the sum advanced by plaintiff and paid into registry of court, and if the amount allowed by the court is greater than the amount of the deposit, together with any offset, judgment for the garnishee shall be entered against the party against whom the costs are taxed for the deficiency.

Based on this statute, Tata asserts that is entitled to attorneys' fees. Plaintiffs contend that Tata is not entitled to its attorneys' fees because Tata is not an "innocent stakeholder." Specifically, Plaintiffs assert that Tata is not an innocent stakeholder because it challenged the validity of the writ of garnishment.

The cases relied on by Plaintiff, however, do not establish that Tata is not an innocent stakeholder. In *Ebsary Foundation Co. v. Barnett Bank of South Florida, N.A.*, 569 So. 2d 806 (Fla. 3d DCA 1990), the court found that the garnishee was not an innocent stakeholder because it had resisted the writ in order to use the monies it held to set-off a debt owed to it by the debtor. Thus, the garnishee exercised a competing claim against the monies it held. Unlike in *Ebsary*, Tata did not resist the writ in order to benefit itself and to satisfy a competing claim. Tata resisted the writ because it lacked legal merit, as found by Judge Jordan in *Hausler v. The Republic of Cuba*, Case No. 09-20942, DE-56. The other two cases relied upon by Plaintiff, *All American Semi-Conductor, Inc. v. Ellison Graphics Corp.*, 594 So. 2d 342 (Fla. 4th DCA 1992) and *International Game Technology, Inc. v. Windsor-Thomas Group, Inc.*, 709 So. 2d 627 (Fla. 2d DCA 1998), are simply holdings, unsupported by a recitation of the facts or explanation of the courts' reasoning. Consequently, neither establishes that, under the present circumstances, Tata is anything other than an innocent stakeholder.

Furthermore, in *U.S. Pipe & Foundry Co. v. Holcomb Pipe Lines, Inc.*, 465 F.2d 827, 828

(5th Cir. 1972),[1] the Circuit Court observed that § 77.28 was "designed to compensate a stake holder innocently drawn into controversy, it is not intended to require a judgment creditor to fund an erroneous legal attack on the entire garnishment proceeding." Tata's legal challenge to the writ was meritorious, not erroneous. Tata was innocently drawn into the controversy and did not owe any money to the Defendants, their agents, or ETECSA. Consequently, Tata is entitled to its *reasonable* attorneys fees under the statute.[2] *See Scherer v. Scherer*, 591 So. 2d 327 (Fla. 4th DCA 1992) (holding that innocent stakeholder drawn into the action by service of the writ of garnishment is entitled to attorneys' fees under the statute after dismissal of the writ); *Ellis v. Barclays Bank PLC – Miami Agency*, 594 So. 2d 826, 827 (Fla. 3d DCA 1992) (remanding for award of attorneys fees after writ of garnishment discharged).

Accordingly, it is hereby

ORDERED that Garnishee Tata Communications (America), Inc.'s Motion to Lift Stay and Motion for Dismissal With Prejudice and Award of Attorneys' Fees and Costs [DE-47] is GRANTED as follows:

(1) The stay is LIFTED.

(2) The writ of garnishment is DISMISSED with prejudice.

(3) Garnishee Tata Communications (America), Inc. shall recover its costs, including

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] In determining what constitutes reasonable attorneys' fees, the Court will consider whether Tata has sought fees for the same work in related cases, such as *Hausler v. The Republic of Cuba*, Case No. 09-cv-22600-WPD. Tata will not be permitted to recover twice for the same work.

4

its reasonable attorneys' fees.

(4) This matter is referred to Magistrate Judge Andrea Simonton for a determination of Tata Communications (America), Inc.'s costs, including reasonable attorneys' fees.

(5) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 30 day of April, 2013.

*/s/ Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: All counsel of record